**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Lori Yankowitz, | ) | |
|              Plaintiff, | ) | Civil Action No. 3:13-cv-03589 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| D.R. Horton, Inc., | ) | |
| | ) | |
|              Defendant. | ) | |
| _____ | ) | |

      This matter is before the court on D.R. Horton, Inc.'s, ("Defendant's") motion for summary judgment filed on February 24, 2015. ECF No. 54. Lori Yankowitz ("Plaintiff") filed a response in opposition on March 13, 2015. ECF No. 56. Defendant filed a reply on March 23, 2015. ECF No. 57. The court held a telephone hearing on the summary judgment motion on April 10, 2015. ECF No. 61. For the reasons below, Defendant's motion for summary judgment is granted.

**I. Background**

      This case is a negligent personal injury action in which Plaintiff seeks damages for injuries she sustained after she tripped down a step. The Complaint alleges that Plaintiff was touring a model home owned by the Defendant and while "walking through the model house to the business area in the garage of the house" she "tripped and fell on a raised portion of the steps in [sic] leading into the garage." ECF No. 1. Plaintiff seeks actual and punitive damages for her "bodily injury; disfigurement; pain and suffering; past, present and future medical bills; aggravation; humiliation; embarrassment; mental anguish; [and] loss of use of enjoyment." ECF No. 1.

1

Plaintiff and Defendant both submitted copies of four pictures taken by Plaintiff's husband of the step where the accident occurred. *See*, *e.g.*, ECF No. 54-4 at 5-8. The pictures depict a step down of approximately several inches from an upper level with hardwood flooring to a lower, carpeted level. *Id*. Both parties also submitted excerpts of the Plaintiff's deposition. ECF Nos. 54-2; 56-4. Defendant's counsel questioned Plaintiff about the fall:

> Q: . . . just tell me in as much detail as you can recall specifically what happened.
> A . . . . We were supposed to go back to the house to look at it; okay? And I happened to fall. What else to you want me to say?
> . . . .
> Q: . . . why do you believe D.R. Horton caused you to fall?
> A: Well, wherever I was walking that day there happened to be–it looked to me–it happened too fast to really remember; okay? All I know is that I took a dive and I put my hand up and I thought I was going to go through the front door, glass door.
> Q: Okay. So you don't remember what caused you to fall?
> A: There was something there that–it felt almost like a hill or slope
> Q: Okay.
> A: All right? It just happened so fast.

ECF No. 54-2 at 3-4. Plaintiff did not mention a step in her deposition and could not provide any significant detail about where, how, or why she came to fall.

## II. Legal Standard for Summary Judgment

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court

that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### III. Premises Liability

An invitee is a person who enters onto the property of another at the express or implied invitation of the property owner. *Goode v. St. Stephens United Methodist Church,* 494 S.E.2d 827, 831 (S.C. Ct. App. 1997). Plaintiff was an invitee of Defendant's at the time of her fall. The landowner, Defendant in this case, is not required to maintain the premises in such condition that no accident could happen to a patron using them. *See Denton v. Winn–Dixie Greenville, Inc.,* 439 S.E.2d 292, 293 (S.C. 1993). Under South Carolina law, the owner of property owes business visitors or invitees the duty of exercising reasonable and ordinary care for their safety and is liable for any injuries resulting from a breach of such duty. *H.P. Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000) (citing *Israel v. Carolina Bar–B–Que, Inc.*, 356 S.E.2d 123, 128 (S.C. Ct. App. 1987)).

The landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner is on actual or constructive notice. *H.P. Larimore,* 531 S.E.2d at 538 (citing *Callander v. Charleston Doughnut Corp.,* 406 S.E.2d 361, 362–63 (S.C. 1991)). To recover damages for injuries caused by a dangerous or defective condition on a landowner's premises, a plaintiff must show that (1) the injury was caused by a specific act of the defendant which created the dangerous condition, or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it. *Wintersteen v. Food Lion, Inc.,* 542 S.E.2d 728, 729 (S.C. 2001) (citing

3

*Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530 (S.C. 1988)); *Pennington v. Zayre Corp.*, 165 S.E.2d 695 (S.C. 1969); *Hunter v. Dixie Home Stores,* 101 S.E.2d 262 (S.C. 1957).

"The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." *H.P. Larimore,* 531 S.E.2d at 540. A landowner is not liable for open and obvious dangers unless the landowner "should anticipate the harm despite such knowledge or obviousness" or "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." *Callander,* 406 S.E.2d at 362–63 (internal quotation marks omitted).

## IV. Discussion

Defendant argues that Plaintiff cannot show that the step in question was a dangerous condition. ECF No. 54-1 at 6. After a review of the record before it, the court agrees. "The mere fact that there is a difference between the levels in the different parts of the premises does not, in itself, indicate negligence unless, owing to the character, location and surrounding condition of the change of level, a reasonably careful person would not be likely to expect or see it. . . a step-down or a step-up upon premises does not, in and of itself, constitute negligence." *Bruno v. Pendleton Realty Co.*, 124 S.E.2d 580, 582 (S.C. 1962). Here, the only evidence presented by Plaintiff was that there was a step down between the main part of a house and a garage being used as an office. The existence of a change in elevation alone does not itself create a dangerous condition. *See Scott v. Cedar Fair Entertainment Co.*, 2012 WL 5306222 at *6 (D.S.C. Oct. 26, 2012) (finding that a difference in elevation between a concrete pad and a walkway alone was insufficient evidence of a dangerous condition).

Further, Plaintiff presented no evidence to show that Defendant should have anticipated Plaintiff's harm, i.e., Plaintiff showed nothing unusual about the step and presented no evidence of prior injuries, falls, or even stumbles on the step. After a review of the photographs submitted by the parties and the Plaintiff's deposition, the court concludes that Plaintiff has shown nothing about the step in this case which would have put Defendant on notice that the step was potentially dangerous. Steps are common features of entrances and egresses of homes and business. The existence of a step, without some other showing of peculiar circumstances, does not render Defendant negligent. *See Wainwright v. Thomas*, 250 F. Supp. 963, 969 (D.S.C. 1966) (refusing to find negligence in a slip and fall case where "[t]he design and construction of the walkways, steps and entrances to the rooms at defendant's motel were similar to those used in other motels and commercial buildings in the [] area.").

On the record before it, the court concludes that there is not sufficient evidence to create a question of fact as to whether the step was a dangerous condition. Accordingly, Plaintiff's claim of premises liability negligence cannot survive a motion for summary judgment.

## V. Conclusion

Based on the foregoing, the court hereby **grants** Defendant's motion for summary judgment. (ECF No. 54).

**IT IS SO ORDERED.**

          s/ Margaret B. Seymour
          Margaret B. Seymour
          Senior United States District Judge

April 13, 2015
Columbia, S.C.